UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'08 CIV 3562

----------------------------------------------------------------x

UNITED BULK CARRIERS INTERNATIONAL,
NAVEGACAO LDA,

                                        Plaintiff,          08 CV

-v-
                                                   **VERIFIED COMPLAINT**

WEST ASIA MARITIME OVERSEAS PRIVATE
LIMITED, WEST ASIA MARITIME LTD., and
EC SHIP MANAGEMENT COMPANY LTD.,

                                        Defendants.

----------------------------------------------------------------x

        Plaintiff, UNITED BULK CARRIERS INTERNATIONAL, NAVEGACAO

LDA., (hereinafter "UNITED BULK"), by its attorneys, CHALOS, O'CONNOR &

DUFFY, L.L.P., as and for its Verified Complaint against Defendants, WEST ASIA

MARITIME OVERSEAS PRIVATE LIMITED, (hereinafter "WAMOPL"), WEST

ASIA MARITIME LTD., (hereinafter "WAM"), and EC SHIP MANAGEMENT

COMPANY LTD., (hereinafter "EC SMC"), alleges upon information and belief as

follows:

                                JURISDICTION

        1.      The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

                                THE PARTIES

        2.      At all times material hereto, Plaintiff, UNITED BULK, was and still is a

foreign business entity duly organized and existing pursuant to the laws of Madeira.

3.    At all times material hereto, Defendant, WAMOPL, was and still is a foreign business entity duly organized and existing pursuant to the laws of Singapore, with an office and principle place of business at Buhari Towers, 6th Floor, No. 4, Moores Road, Chennai – 600 006, India.

4.    At all times material hereto, Defendant, WAM, was and still is a foreign business entity with an office and principle place of business at Buhari Towers, 6th Floor, No. 4, Moores Road, Chennai – 600 006, India.

5.    At all times material hereto, Defendant, EC SMC, was and still is a foreign business entity with an office and principle place of business at Buhari Towers, 6th Floor, No. 4, Moores Road, Chennai – 600 006, India.

<u>FACTS AND CLAIM</u>

6.    On or about August 16, 2006, UNITED BULK, as disponent owner of the M/V BLUE CORAL, and WAMOPL, as charterer, entered into a time charter agreement, whereby WAMOPL would use the vessel during the period beginning on August 1, 2007, to a maximum September 30, 2007.  The rate of hire was US$19,500 per day and the commission to be deducted from the hire was five (5) percent.  Therefore, the net hire was SU$18,525 per day.

7.    WAMOPL's performance of this time charter agreement was guaranteed by defendant WAM.

8.    The time charter agreement, memorialized on a "New York Produce Exchange" (NYPE) charter party form, is a maritime contract.

9.    On or about September 7, 2007, WAMOPL completed loading its final cargo to be carried during the time charter agreement with UNITED BULK.  WAMOPL

2

advised UNITED BULK that the vessel would thereafter bunker at Singapore on

September 21, 2007, and complete same on September 22, 2007. Through September 19,

2007, WAMOPL advised UNITED BULK that the final discharge port for the M/V

BLUE CORAL, would be within the Fangcheng/Zanjiang range (a four (4) day transit

from Singapore). Therefore, it appeared that the vessel would be redelivered within the

September 30, 2007, period.

      10.    However, on September 20, 2007, WAMOPL advised UNITED BULK

that the vessel would now discharge at the more distant ports of either Qingdao or

Rizhao. The transit time to these ports was approximately eight (8) days. It then became

clear that the vessel would not be redelivered within the contractual redelivery period of

September 30, 2007

      11.    As such, UNITED BULK immediately notified WAMOPL that: (1) the

change in discharge ports would likely result in a late redelivery; (2) UNITED BULK

was reserving its rights under the time charter agreement; and, (3) placed WAMOPL on

notice that the prevailing market rate for the vessel was approximately US$60,000 per

day, for which WAMOPL would be liable should it breach the time charter agreement by

redelivering the vessel late (i.e. after September 30, 2007).

      12.    Despite such notification by UNITED BULK to WAMOPL, WAMPOL

chose to breach the time charter agreement and redeliver the vessel late. In breach of the

time charter agreement, the vessel was finally redelivered on October 5, 2007, at 1015

hours (GMT), or, 4.427 days after the September 30, 2007, redelivery deadline.

13.     UNITED BULK calculated its damages based upon the prevailing spot market value for a BFI Panamax vessel in the Pacific which was US$62,800 per day. Allowing for a deduction of commissions, the net market rate is US$60,759.

14.     WAMOPL is liable in damages to UNITED BULK for their breach of the time charter agreement by redelivery the vessel late.  The calculation of damages is the difference between the net market rate (US$60,759) minus the charter rate (US$18,525) paid for the period of time exceeding the September 30, 2007, redelivery deadline (4.427 days).  On this basis, UNITED BULK's claim for damages is US$186,969.92.

15.     Despite UNITED BULK's repeated demands for payment of the damages caused by WAMOPL's breach of the terms of the time charter agreement, WAMOPL has failed, neglected and/or otherwise refused to pay plaintiff, UNITED BULK, the sum due and owing UNITED BULK.

16.     Pursuant to the terms of the time charter-party, all disputes arising there under are to be submitted to London arbitration with English law to apply.  London arbitration provides that the prevailing party is entitled to interest costs and legal fees.  As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$100,000.  UNITED BULK has demanded WAMOPL to proceed to arbitration with this matter.

17.     UNITED BULK's total claim against WAMOPL, for the breach of the time charter agreement, legal fees, cost and interest is US$286,969.92.

18.     Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant WAMOPL and Defendants WAM and EC SMC, that no separation exists between them and the corporate form of Defendant

4

WAMOPL has been disregarded such that Defendant WAMOPL primarily transacted the business of Defendant WAM and EC SMC.

19.    Upon information and belief, at all material times, Defendants WAM and EC SMC, operated in the name of Defendant WAMOPL such that Defendants WAM and EC SMC were the beneficial owners of WAMOPL.

20.    Upon information and belief, WAMOPL and EC SMC hold themselves out as one of WAM'S subsidiaries within the WAM network of offices.

21.    Upon information and belief, WAMOPL and EC SMC are each one of several entities which is operated, controlled and managed as a single economic enterprise known as WAM.

22.    Upon information and belief, among the entities which comprise the WAM network, including WAMOPL and EC SMC, there is a commonality of control and management centered with WAM, and an overlap of officers, directors and employees.

23.    Upon information and belief, at all material times, Defendant WAMOPL and Defendants WAM and EC SMC, have overlapping ownership, management, personnel and purposes such that Defendant WAMOPL and Defendants WAM and EC SMC did not operate at arms length.

24.    Upon information and belief, at all material times, Defendant WAMOPL and Defendants WAM and EC SMC, have had common addresses, common contact information such that the Defendant WAMOPL had no independent corporate identity from Defendants WAM and EC SMC.

25.     Upon information and belief, at all material times, there has been an intermingling of funds between Defendant WAMOPL and Defendants WAM and EC SMC.

26.     Upon information and belief, at all material times, Defendants WAM and EC SMC have dominated, controlled and used Defendant WAMOPL for their own purposes such that there is no meaningful difference between the entities.

27.     Upon information and belief, at all material times, Defendants WAM and EC SMC have disregarded the corporate form of Defendant WAMOPL to the extent that Defendants WAM and EC SMC, were actually carrying on WAMOPL's business and operations as if the same were their own, or vice versa.

28.     Upon information and belief, Defendant WAMOPL utilizes the Defendants WAM and EC SMC, to transfer funds through, to and from the Southern District of New York on its behalf.

29.     Upon information and belief, there are reasonable grounds to conclude that the Defendants WAM and EC SMC are the alter-egos of Defendant WAMOPL and, therefore, Plaintiff UNITED BULK has a valid prima facie *in personam* claim against Defendants WAM and EC SMC based upon alter ego liability.

BASIS FOR ATTACHMENT

30.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to, for the benefit of, or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

30.    Plaintiff believes that some of these assets, to wit:  accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from or for the benefit of, Defendants, WAMOPL, WAM, and EC SMC, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.    That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and

Maritime Claims, attaching all of Defendants' tangible or intangible property or any other

funds held by any garnishees in the district which are due and owing, or other property

of, or for the benefit of, the Defendant, up to the amount of US$286,969.92 to secure and

satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be

cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the

matters alleged in the Complaint;

C.    That Plaintiff may have such other, further and different relief as may be

just and proper.

Dated: Port Washington, New York
       April 14, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
UNITED BULK CARRIERS
INTERNATIONAL, NAVEGACAO LDA.

By:    _____
       George M. Chalos (GC-8693)
       366 Main Street
       Port Washington, New York 11050
       Tel: (516) 767-3600
       Fax: (516) 767-3605
       Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED BULK CARRIERS INTERNATIONAL,
NAVEGACAO LDA,

                      Plaintiff,                08 CV

-v-

                                           **VERIFICATION OF**
                                           **COMPLAINT**

WEST ASIA MARITIME OVERSEAS PRIVATE
LIMITED, WEST ASIA MARITIME LTD., and
EC SHIP MANAGEMENT COMPANY LTD.,

                      Defendants.
----------------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

        1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, UNITED BULK CARRIERS INTERNATIONAL, NAVEGACAO LDA., herein;

        2.      I have read the foregoing Verified Complaint and know the contents thereof; and

        3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

        4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
April 14, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
UNITED BULK CARRIERS INTERNATIONAL,
NAVEGACAO LDA

By:

George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2